## LEE vs. EVANS.

*Tenth Judicial District Court, July,* 1857.

### CONVEYANCE OF REAL ESTATE.

A grantee in a deed, absolute upon its face, cannot invalidate his own title, except on the ground of fraud, accident or mistake.

Parol evidence is inadmissable to contradict or deny the legal import of a written in-strument.

The opinion embraces the principal facts of the case.

*S. J. Field,* for plaintiff.

*Bryan & Filkins,* for defendant.

BARBOUR, J.—First, Richard B. Lee, the plaintiff, on the 14th day of January, 1857, loaned to the defendant, O. M. Evans, the sum of five thousand dollars—at least the defendant acknowledges to have re-

ceived this sum of money from him on that day. At the same time defendant executed and delivered to plaintiff a deed, with covenants of general warranty to a house and lot in the city of Marysville. This deed is absolute upon its face, and conveys the fee without any condition whatever.

Second, the defendant admits in his answer, that he borrowed the money of the plaintiff for the period of six months, for the hire of which he was to pay him an interest of three per cent. per month, and this he performed for the space of six months, and then refused to pay any further.

Third, defendant at the time of getting the money and making the deed, had before then given a lease of the house and lot to other parties; and on the 21st of April, 1856, he assigned the article of lease to plaintiff, who has since, through his agent, collected the rents and otherwise exercised acts of ownership. It is proved that the plaintiff accepted the deed, and that it was duly acknowledged and recorded at his request.

These comprise the chief facts in this singular case : not another instance can I find in all the Reports which I have examined, or in any of the elementary works, where the grantee in a deed absolute upon its face, has attempted to invalidate his own title. The plaintiff in his bill avers that the deed was made to secure him in the payment of $5000, which the defendant borrowed, alleging that it was given only as a mortgage, and prays that it may be foreclosed. The defendant in his answer admits that there existed a parol defeasance to a certain extent, but contends that as it was a conditional sale, he, by a verbal arrangement with plaintiff, waived his right to redeem—placed plaintiff in possession, thereby making the sale in point of fact.

Judge Bronson, in the case of Webb vs. Wright, 1 Hill, 606, where he delivered a dissenting opinion, says he "never will be reconciled to the doctrine, that an absolute deed can, at law, be turned into a mortgage by parol evidence, nor that it can be done in equity, except on the ground of fraud, accident or mistake." It is very clear in the case at the bar that none of these exceptions to the rule existed.— Evans gave just the kind of deed he intended, and Lee received and accepted what he had demanded before he paid the money. Judge Bronson (than whom there is none more eminent at this day,) con-

tends, with great ability, for the correctness of the doctrine that "parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument."

If the converse of this proposition be true, then there would be little safety in the enjoyment of a man's land, house or habitation ; that solemnity which attends a contract made in the relation to the sale of real estate that secures the blessings of home and independence, would be done away with, and the tenure made to depend in a great degree upon the frail memory of witnesses. Chancellor Kent held that there was no rule of evidence better settled than that which declares parol evidence inadmissible to contradict or substantially to vary the legal import of a written instrument. Stevens vs. Cooper, 1 John. Chy. 429, and Greenleaf Evd. sustains the same rule in Vol. 1, Sec. 275, 276, 277 and 278. Story's Equity, section 1531, Phillips' Evidence, 1st Vol. p. 548, 566, 2d Starkie, 544, 550. I must admit, however, that many learned Judges have of late held differently. Among them are some of the modern New York Judges, including Chancellor Walworth and Justice Cowan. It is true that this rule does not apply to third persons, but only to such as are parties to the same instrument. Plaintiff's counsel relies upon a decision of the Supreme Court U. S., in 1st Howard, 127. The facts in that case bear but little similarity to those in this. In the former the sale was absolute and unconditional, yet there was a written defeasance, in the way of a bond, for the consideration of money, and a joint ownership, with a long unsettled account of former sales appertaining to the estate conveyed. In the present case, Lee took no note, bond or other evidence of debt, and he did that which I think concludes the whole case, by going in o the possession of the property and now retaining it, with the full consent of Evans.

As I have said, the books do not afford an instance where a grantee has filed a bill with the view of having his property, conveyed him, declared of less estate and dignity of title than it purports to be upon the face of the deed ; though cases are numerous wherein the grantor has brought his suit to have a deed decreed to be a mortgage, on proper allegations, or by creditors, where the estate conveyed was in fraud of their rights. After a careful consideration of all the authorities within my reach, I am of the opinion that it is contrary to the spirit

of the statutes of fraud, of the maxims of. common law, and of public policy, to allow parol evidence to construe the language of a deed, or other speciality. I think in this case the plaintiff has accepted title, both under the conveyance and by his subsequent acts, and further that he is estopped by the recitals in the deed.

It is therefore ordered and adjudged that the bill be dismissed at the plaintiff's costs.